# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

**WILLIAM AUSTIN BRANCH**                                                           **PLAINTIFF**

v.                                                     No. 4:19CV45-MPM-RP

**ATTALA COUNTY BOARD**
**OF SUPERVISORS, ET AL.**                                               **DEFENDANTS**

## MEMORANDUM OPINION

This matter comes before the court on the *pro se* prisoner complaint of William Austin Branch, who challenges the conditions of his confinement under 42 U.S.C. § 1983. For the purposes of the Prison Litigation Reform Act, the court notes that the plaintiff was incarcerated when he filed this suit. The plaintiff has brought the instant case under 42 U.S.C. § 1983, which provides a federal cause of action against "[e]very person" who under color of state authority causes the "deprivation of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. The plaintiff alleges that the defendants used excessive force against him and failed to provide him with adequate medical care. For the reasons set forth below, the instant case will be dismissed as untimely filed.

### Factual Allegations

In April of 2009, several of the defendants assaulted and seriously injured William Austin Branch during his arrest. The defendants refused to provide him with medical care after injuring him. Branch submitted sick call requests for a variety of medical problems upon entering Mississippi Department of Corrections custody in 2010, but the treatment he received was not adequate. He submitted sick call requests regarding his knee in 2014, and he requested treatment for his back, groin, and a broken hand in 2015. He received naproxen to treat his back and groin, but received no treatment for his hand.

## Statute of Limitations

A federal court borrows the forum state's general or residual personal injury limitations period. *Owens v. Okure*, 488 U.S. 235, 249 (1989); *Gartrell v. Gaylor*, 981 F.2d 254 (5th Cir. 1993). In Mississippi, that statute is MISS. CODE ANN. § 15-1-49, which allows a litigant only three years to file such an action, and the statute begins to run "at the moment the plaintiff becomes aware he has suffered an injury or has sufficient information to know he has been injured." *Russel v. Board of Trustees of Firemen, etc.*, 968 F.2d 489 (5th Cir. 1992), *cert. denied*, 113 S. Ct. 1266 (1993) (citations omitted). Generally, an affirmative defense must be pled, and not raised by the court *sua sponte*. A court may, however, do so when all of the relevant facts are contained in the record before the court and are uncontested. *Mowbray v. Cameron County, Texas*, 274 F.2d 269 (5th Cir. 2001). In that situation, "we may not ignore their legal effect, nor may we decline to consider the application of controlling rules of law to dispositive facts, simply because neither party has seen fit to invite our attention by technically correct and exact pleadings." *Am. Furniture Co. v. Int'l Accommodations Supply*, 721 F.2d 478, 482 (5th Cir. Unit A Mar.1981). In the present case, the facts are uncontested and the legal outcome unambiguous.

The plaintiff signed his complaint on March 12, 2019; as such, any incidents occurring prior to March 12, 2016, fall outside the § 1983 limitations period. The incidents about which the plaintiff complains occurred between 2009 and 2015 – and clearly lie outside the three-year statute of limitations. As such, the instant case will be dismissed as untimely filed.

**SO ORDERED**, this, the 19th day of September, 2019.

/s/ MICHAEL P. MILLS
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF MISSISSIPPI